UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL TROUTMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:17CV409-PPS/MGG |
| v. | ) | |
| | ) | |
| MIAMI CORRECTIONAL FACILITY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael Troutman, a *pro se* prisoner, filed this action under 42 U.S.C. § 1983 alleging retaliation in violation of his First Amendment rights, racial and religious discrimination in violation of the Equal Protection Clause, and violations of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). The defendants have filed a motion for summary judgment[1] claiming that Troutman failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). ECF 24. Because there is a genuine dispute as to whether the grievance process was available to Troutman, summary judgment cannot be granted.

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

---
[1] The defendants seek summary judgment as to all claims except for the allegation that Sgt. Heater retaliated against him by destroying his prayer oils.

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not merely rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, the undisputed facts show that Troutman was housed at Miami Correctional Facility (Miami) at all times relevant, and that Miami has a formal grievance process in place. ECF 24-1 at ¶ 6; ECF 24-2. The grievance process has three steps: an attempt at informal resolution, submission of a written grievance, and filing an appeal. ECF 24-1 at ¶ 10. The prison keeps a record of all filed grievances. The records establish that Troutman exhausted his claim that Sgt. Heater had improperly confiscated and destroyed his prayer oils. ECF 24-1 at ¶ 20. But those records do not show that Troutman exhausted the grievance process regarding any of the other events giving rise to this lawsuit while housed at Miami. *Id*. at ¶¶ 20-23.

Based on these facts, the Defendants argue that all but one of Troutman's claims should be dismissed because Troutman has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). To exhaust remedies, a prisoner must file complaints and appeals in the place,and at the time the prison's administrative rules

2

require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit takes a "strict compliance approach to exhaustion[,]" which means that a prisoner must take each of the required steps in the process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Id.*

Troutman does not dispute that he did not complete the prison's grievance process for most of his claims before he filed this case, but he alleges that the prison's grievance process was unavailable to him. ECF 27-2; ECF 27-3. Troutman asserts that he filed informal grievances regarding each of his claims. *Id*. He followed those up by asking Miami Grievance Specialist Brenda Bowman to provide him with formal grievance forms, but she refused to provide them to him. ECF 27-2 at pp. 4, 8, 10, 11, 13; ECF 27-3. According to Troutman, Grievance Specialist Bowman was the only person who could have provided him with those appeal forms. ECF 27-3 at ¶ 7. He also states that he was told by prison officials that his grievance regarding his job loss was not grievable. ECF 27-2 at p. 12. Thus, Troutman claims that prison officials thwarted his efforts to exhaust the grievance process.

Under applicable law, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole*, 438 F.3d at 809. An administrative remedy is unavailable, for example, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from

3

exhausting" his remedies. *Dole*, 438 F.3d at 812. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id*.

Troutman's statements made under oath, ECF 27-2, 27-3, create an issue of fact that needs to be sorted out in a hearing. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Whether Troutman's version of events is true or not is simply a matter of credibility, and to make a credibility determination without a hearing would amount to an improper weighing of the evidence. *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Wilson v. Williams*, 997 F.2d 348, 350 (7th Cir. 1993). If it is true that Troutman was prevented from exhausting the grievance process, as he claims, then his failure to do so does not amount to a failure to exhaust his administrative remedies. *See Woodford*, 548 U.S. at 102 (inmates only required to exhaust administrative remedies that are available to them). Therefore summary judgment cannot be granted based on the present record. Unless the Defendants elect to withdraw their exhaustion defense, it will be necessary to hold a hearing pursuant to *Pavey* to resolve the factual disputes identified in this opinion.

## Conclusion

ACCORDINGLY:

The defendants' motion (ECF 24) for summary judgment is DENIED.

Plaintiff Troutman's motion (ECF 27) and amended motion (ECF 28) to deny summary judgment are GRANTED.

4

Within fourteen (14) days of this order, the Defendants are ORDERED to file a notice advising whether they elect to withdraw their exhaustion defense or proceed with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If a hearing is necessary, this matter will be referred to the Magistrate Judge for the purpose of holding the hearing and issuing a report and recommendation.

SO ORDERED on September 12, 2018.

    /s/ Philip P. Simon
Judge
United States District Court